UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:
    Yoko Said

           Debtor

CHAPTER 13
CASE NO. 21-10137-FJB

### ORDER AUTHORIZING AND APPROVING PRIVATE SALE OF CERTAIN ESTATE PROPERTY FREE AND CLEAR OF <u>LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES</u>
(Re: 41 Stanhope Drive, Norfolk, MA)

THIS MATTER having come before the Court upon the Motion (the "Motion to Sell") of Yoko Said, the Chapter 13 Debtor in the above-captioned case (the "Chapter 13 Debtor"), for an Order authorizing and approving the proposed private sale (the "Private Sale") *in toto* of certain real property located at 41 Stanhope Drive, Norfolk, Massachusetts (the "Property"), free and clear of liens, claims, interests and encumbrances, to Odeal Cruz and Daniel Cruz (the "Buyers"), as set forth in the ***DEBTOR'S MOTION FOR AUTHORITY TO SELL BY PRIVATE SALE CERTAIN PROPERTY OF THE DEBTOR FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES (41 Stanhope Drive, Norfolk, Massachusetts)*** *(*the Motion to Sell") and as described in the Chapter 13 Debtor's Notice of Intended Sale of Estate Property filed with this Court (the "Notice of Private Sale"); and sufficient notice thereof having been duly given, no objection to the Motion to Sell having been filed and no higher offer submitted, it is hereby ORDERED THAT:

1.    The Chapter 13 Debtor is authorized, pursuant to 11 U.S.C. § 363(b) and (f), to sell the Property *in toto* identified in the Notice of Private Sale for the sum of

$600,000.00 to the Buyers free and clear of all liens, claims, interests and encumbrances, with any and all such interests in the Property, when established, attaching to the proceeds realized from the Private Sale in the same order of priority subject, if necessary, to later determination by the Bankruptcy Court of the validity, extent, and perfection of such interest.

2. The Chapter 13 Debtor shall pay broker's commission of 5%, real estate taxes due to the Town of Norfolk, if any, and the usual and customary closing costs.

3. The Chapter 13 Debtor shall hold the proceeds realized from the Private Sale in accordance with the provisions set forth in the Motion to Sell, i.e., the balance of the proceeds shall be held in escrow pending resolution of the various contested claims secured by the Property, administrative claims, and an order of this Court.

4. The Buyers shall close on the Private Sale on or by August 27, 2021, or by such extended period as the Chapter 13 Debtor shall allow (the "Closing Date").

5. In the event that the Buyers fail to close on the Private Sale on or by the Closing Date, the Buyers' deposit shall be forfeited to the Chapter 13 Debtor.

6. The Chapter 13 Debtor is hereby authorized to execute such documents and otherwise take such actions as the Chapter 13 Debtor deems reasonably necessary or appropriate to consummate the Private Sale of the Property on the terms described in the Chapter 13 Debtor's Motion to Sell and the Notice of Private Sale.

7. The Motion to Sell is hereby allowed, and the Private Sale is authorized in accordance with the Chapter 13 Debtor's Motion to Sell and the Notice of Private Sale.

8. Within 30 days of the Closing the Chapter 13 Debtor shall provide a copy of the CLOSING STATEMENT to the Chapter 13 Trustee.

9. This Court finds that:

(a) The sale of the real estate to the Buyers is to be made free and clear of all liens, claims and encumbrances and other interests in the real estate.

(b) There are sound reasons for the Debtor to effectuate the sale of the real estate pursuant to 11 U.S.C. §363 (b) and such sale free and clear of all liens, claims, encumbrances and other interests in the real estate is authorized under 11 U.S.C. § 363 (b) and (m).

(c) The sale of the real estate to the Buyers for the purchase price of $600,000.00 is in the best interests of the Debtor' estate and the purchase price of $600,000.00 constitutes adequate and fair value for the real estate.

(d) Upon consummation of the sale of the real estate as proposed hereunder, the Buyer shall be the purchaser of the real estate in good faith within the meaning of 11 U.S.C. §363(m).

(e) The Buyers are not successor in interest of the Debtor, and is not subject to successor liability for claims against the Debtor or his estate, whether existing at the time of the closing of the sale or the real estate or thereafter.

(f) Appropriate notice and opportunity to be heard with respect to this Motion and the transaction contemplated herein have been afforded to all necessary parties including but not limited to all persons claiming any interest in, or lien on, the real estate and such notice otherwise satisfies the requirements of Fed. R. Bankr. P. 2002(a)(2) and 6004(a) and (c); and

(g) The fourteen (14) day stay of the Court's order on this Motion, provided for in Fed. R.Bankr. P. 6004(g) shall not apply.

SO ORDERED this 20th day of August, 2021

_____
Frank J. Bailey,
United States Bankruptcy Judge